[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13128

Non-Argument Calendar

_____

CHARLES IBEH,

Plaintiff-Appellant,

*versus*

WEST WILSON, et al.,

Defendants,

SECRETARY DEPARTMENT OF NAVY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01184-HES-MCR

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Charles Ibeh, a man of Nigerian descent, appeals the district court's grant of summary judgment to his former employer, the Secretary of the Department of the Navy ("Secretary"), on his claims of hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a), and disability discrimination under Section 5 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a). As to his hostile-work-environment claim, he argues that the court erred in dismissing on the ground that he failed to amend his complaint to assert a new theory of liability based on his coworkers' comments. As to his disability-discrimination claim, Ibeh contends that the court erred in finding that he was not otherwise qualified for the job because, he claims, the record showed that he possessed the requisite skills and exhibited no limitations to perform his duties. After careful review, we affirm. Because the facts are known to the parties, we repeat them here only as necessary.

## I

We review de novo a grant of summary judgment, using the same legal standards applied by the lower court. *Alvarez v. Royal*

23-13128                    Opinion of the Court                    3

*Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez*, 610 F.3d at 1263–64. Courts may not weigh the evidence or make credibility determinations. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013). "All reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant, but an inference based on speculation and conjecture is not reasonable." *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) (quotation marks omitted).

A plaintiff can establish a Title VII hostile-work-environment claim by showing that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (quotation marks omitted). The alleged behavior must result "in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceive[s] . . . to be abusive." *Id.* at 1276 (quotation marks omitted, alterations in original). Simple teasing, offhand comments, and isolated incidents—unless "extremely serious"—will not amount to discriminatory changes in the terms and conditions of employment. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

As a general rule, inadmissible hearsay cannot be considered on a motion for summary judgment. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012). Nevertheless, when ruling on a motion for summary judgment, a district court may consider a hearsay statement if it could be reduced to admissible evidence at trial. *Id.* at 1293–94. The mere possibility, however, that unknown witnesses will emerge to provide testimony is insufficient to establish that the hearsay statement could be reduced to admissible evidence at trial. *Id.* at 1294.

In a brief opposing summary judgment, a plaintiff may not raise a new theory of liability based on unpleaded factual predicates in support of an already pleaded claim. *Dukes v. Deaton*, 852 F.3d 1035, 1046 (11th Cir. 2017). Additionally, "[a] plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment." *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Issues not briefed on appeal are deemed abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). An appellant fails to adequately brief an issue when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted).

Here, the district court did not err in granting summary judgment to the Secretary on Ibeh's hostile-work-environment claim because Ibeh failed to properly amend his complaint to plead factual allegations supporting the new theory of liability that he raised in his response to the motion for summary judgment. *Dukes*,

852 F.3d at 1046; *Gilmour*, 382 F.3d at 1315.  In his complaint, Ibeh based his claim on the security office's failure to take his passport, comments on his national origin, and forceful removal of him from their office.  But in his brief opposing summary judgment, he based his claim on his coworkers' conduct in making fun of his cultural attire, questioning his capabilities, and telling him that Africans were not allowed to work in his department.  The district court properly rejected this new theory of liability because Ibeh based it on unpleaded facts.  *Dukes*, 852 F.3d at 1046.  Additionally, Ibeh could not amend his complaint simply by raising the arguments in his brief opposing summary judgment.  *Gilmour*, 382 F.3d at 1315.

In any event, the district court did not err in finding that Ibeh failed to establish harassment that was sufficiently severe or pervasive because his arguments were either speculative or based on inadmissible hearsay.  *Miller*, 277 F.3d at 1275–76; *Ave. CLO Fund, Ltd.*, 723 F.3d at 1294.  First, Ibeh's allegation that his coworkers thought that he was a spy was speculative because it was not a logical conclusion from Ibeh's trainer's testimony that Ibeh seemed solely interested in learning about the managerial hierarchy of the office.  *Ave. CLO Fund, Ltd.*, 723 F.3d at 1294.  While Ibeh argues that the EEOC report was excepted from the hearsay prohibition as a business record, he failed to explain how the EEOC report qualified as a business record or provide any argument as to why the statements from his coworkers within the EEOC report and complaint were excepted from the hearsay prohibition.  *Jones*, 683 F.3d at 1293–94; Fed. R. Evid. 803(6).  Notably, Ibeh neither discussed the statements in his deposition nor provided any declarations from his

coworkers who allegedly made the statements. Even if the statements were admissible, the district court did not err in finding that Ibeh failed to show that the comments were severe and pervasive because the statements consisted of simple teasing, offhand comments, or isolated incidents. *Mendoza*, 195 F.3d at 1245.

Further, Ibeh abandoned any argument regarding a hostile work environment based on the actions of security-office personnel because he failed to raise that argument on appeal. *Access Now, Inc.*, 385 F.3d at 1330; *Sapuppo*, 739 F.3d at 681. Accordingly, we affirm as to this issue.

## II

The Rehabilitation Act prohibits federal agencies and recipients of federal financial assistance from discriminating in employment against "otherwise qualified individuals with a disability." 29 U.S.C. § 794. To establish a prima facie case of discrimination under the Rehabilitation Act, a plaintiff may show that "(1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (quotation marks omitted). A "qualified" individual under the Rehabilitation Act is an individual with "the requisite skill, experience, education[,] and other job-related requirements of the . . . position" who, "with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m).

The *McDonnell Douglas* burden-shifting framework applies to claims of discrimination under the Rehabilitation Act that are based

on circumstantial evidence. *See Ellis*, 432 F.3d at 1326. Thus, if a plaintiff can establish a prima facie case of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. *Lewis v. City of Union City*, 918 F.3d 1213, 1221 (11th Cir. 2019) (en banc). If the employer articulates a legitimate, non-discriminatory reason for its action, the burden then shifts back to the plaintiff-employee to show that the employer's reason was merely a pretext for discrimination. *Id*. The plaintiff may demonstrate that his employer's purported reason is pretextual by identifying "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted). Additionally, we may "affirm for any reason supported by the record, even if the district court did not rely on that reason." *Wright v. City of St. Petersburg*, 833 F.3d 1291, 1294 (11th Cir. 2016) (quotation marks omitted).

Here, the district court did not err in granting summary judgment for the Secretary on Ibeh's disability-discrimination claim because it correctly found that he failed to show that he was otherwise qualified for the job. *Ellis*, 432 F.3d at 1326. While he was required to obtain a security clearance, Ibeh failed to meet this requirement because he made substantial changes to his application, raising questions about the truthfulness of the answers. 29 C.F.R. § 1630.2(m). As such, Ibeh failed to show that he would have received the required security clearance.

Even if Ibeh had established a prima facie case, the Secretary met his burden of showing a nondiscriminatory reason for termination because he terminated Ibeh based on the substantive changes that Ibeh made to his security clearance application and his failure to timely surrender his foreign passport. *Wright*, 833 F.3d at 1294. Ibeh's argument that the Secretary's emphasis on the corrections to his application was pretextual—because, Ibeh says, the alleged temporary failure to relinquish his passport doomed his application—ignores the Secretary's policy, which specifies that dual citizenship does not disqualify an individual from obtaining a clearance when the individual renounces his foreign citizenship and relinquishes his foreign passport. Ibeh also failed to show that the Secretary's belief that he failed to relinquish his passport was pretextual because Ibeh failed to show any inconsistencies or contradictions regarding that reason, as multiple employees testified that Ibeh had in fact failed to relinquish his passport. *Combs*, 106 F.3d at 1538. Accordingly, we affirm as to the second issue.

**AFFIRMED.**